**Martyn KENTON and Laura Kenton**

v.

**Steven WINTERS and Martha Winters.**

**No. 94–692–Appeal.**

Supreme Court of Rhode Island.

Nov. 29, 1995.

William Landry, Providence.

Stephen Gordon, Providence.

### ORDER

This case came before a panel of the Supreme Court on November 21, 1995, pursuant to an order that directed the plaintiffs, Martyn Kenton and Laura Kenton, to show cause why the issues raised in their appeal should not be summarily decided. The plaintiffs in this case have appealed a judgment entered in favor of the defendants, Steven Winters and Martha Winters, in this dispute over boundary lines on Block Island.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel at oral argument, we are of the opinion that cause has not been shown and the case will be decided at this time.

The plaintiffs filed a complaint for trespass and for title to certain property either by adverse possession, acquiescence, parol agreement or estoppel. The defendants counterclaimed, seeking to reform a deed or alternatively to establish an easement by prescription, necessity or implication.

In 1976, plaintiffs purchased a parcel of land from the prior owners of defendants' land and began construction of a house. The plaintiffs discovered that their home extended over the rear property line onto the sellers' property. To resolve the problem, new deeds were drafted to accommodate plaintiffs' house by an exchange of land between the sellers and plaintiffs'. At issue in this case is the deed of September 8, 1976, in

which a right of way granted to plaintiffs was described as being on the *southerly* boundary instead of the *northerly* boundary of the property.

The parties gave conflicting testimony at trial not only about the location of the agreed-to-right-of-way, but also about a rear-yard setback and land for a garden. In addition, a civil engineer testified that the description of the boundary line of plaintiffs' property in the 1976 deed erroneously described an exterior angle of 109 degrees as an interior angle. Consequently the boundary line in the 1976 deed did not enclose the plaintiffs' parcel.

The trial justice ordered that the deed be reformed to reflect the intent of the parties, and she declared the rights and interests' of the parties to be in accordance with her findings. The plaintiffs appealed.

We are of the opinion that the record in this case contains ample evidence to support the trial justice's findings of fact. It is well-settled that this Court will not disturb the findings of a trial justice sitting without a jury unless the justice misconceived or overlooked material evidence or was otherwise clearly wrong. *Ferland Corp. v. Bouchard,* 626 A.2d 210, 214 (R.I.1993). Further, we are of the opinion that the trial justice did not err in reforming the deed, and in so doing, properly interpreted and reformed the deed to preserve the northern right of way. We have reviewed plaintiffs' remaining arguments, and we consider them to be without merit.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.

WEISBERGER, C.J., did not participate.